IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KHRISTOFFER MANDELL HEARRON                                                      PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 5:06cv29DCB-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS                                      DEFENDANT

MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT

On March 7, 2006, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On March 8, 2006, an order [4-1] was entered which determined that this was a complaint filed pursuant to 42 U.S.C. § 1983 and the order required the plaintiff to file his complaint on the form which was attached to the order on or before March 30, 2006. The plaintiff was warned in this court's order of March 8, 2006, that failure to timely comply with the requirements of the order could lead to the dismissal of his complaint. The plaintiff failed to comply with this order.

When the plaintiff failed to comply with the order of March 8, 2006, an order to show cause [5-1] was entered on April 26, 2006, directing the plaintiff to respond in writing on or before May 18, 2006, and explain why this civil action should not be dismissed. The order also directed the plaintiff to comply with the order of March 8, 2006, by filing a fully completed and signed form used by prisoners in filing a complaint under 42 U.S.C. § 1983. The plaintiff was again warned that failure to comply could result in the dismissal of this civil action.

The plaintiff filed on May 10, 2006, a motion for extension of time [6-1] to comply with the order to show cause. An order [7-1] was entered on May 11, 2006, granting the plaintiff's motion for an extension of time. The order provided that the plaintiff was to respond on or

before June 30, 2006.  The plaintiff filed a motion for production of documents [9-1] which was granted in part by an order [10-1] entered on August 8, 2006.  This order of August 8, 2006, also granted the plaintiff another extension of time.  He was granted until and including August 29, 2006, to comply with the orders of June 15, 2006, May 11, 2006, April 26, 2006, and March 8, 2006.  Once again, the plaintiff failed to comply.

Out of an abundance of caution, an order to show cause [12-1] was entered on September 19, 2006, directing the plaintiff to respond on or before October 4, 2006.  The plaintiff was warned that this was his final opportunity to comply with the orders of this court and that the failure to comply would result in the dismissal of this civil action.  Even though it has been more than 30 days since the deadline to comply with the order of September 19, 2005, the plaintiff has not complied with the orders and he has also failed to communicate otherwise with this court. Therefore, it is apparent from the plaintiff's failure to comply or to communicate with this court that he lacks  interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of

plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the 8th day of November, 2006.

S/DAVID BRAMLETTE<br>
UNITED STATES DISTRICT JUDGE